KRUMM v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY CO.

Opinion delivered October 31, 1903.

CARRIER OF PASSENGER—INJURY—CONTRIBUTORY NEGLIGENCE.—A passenger in a freight caboose who disregarded a printed notice warning passengers against standing while the train was in motion, by remaining standing for several minutes while waiting for the drinking water to cool, and was injured in a collision, was guilty of negligence contributing to his injury.

Appeal from Woodruff Circuit Court.

HANCE N. HUTTON, Judge.

Affirmed.

### STATEMENT BY THE COURT.

L. W. Krumm lived at Bald Knob, and owned a farm and sawmill on the railroad near Fakes station in Woodruff county. In September, 1900, he got on the caboose of the local freight train at Bald Knob to go to his place at Fakes. When the train had gone about four miles, it stopped to unload some cinders. The point at which it stopped was between one and two miles east of the station Rio Vista. After the cinders were unloaded, the train started towards Rio Vista. When it had nearly reached that point, one of the brakemen notified the conductor that the train had become uncoupled, and had broken in two. The conductor ordered the brakes put on, which was done, and the brakemen endeavored also to signal the engineer, but, as he was approaching the station, he failed to look back, and neither he nor the fireman saw the signal. The engineer, not knowing that a part of the train had broken loose, stopped the engine and the four cars attached to it at the depot at

Rio Vista. Though the brakes had been set on the other portion of the train, the speed of that portion was not entirely checked when it arrived at the depot, and it ran into the forward part of the train, and produced a considerable collision. One of the cars had a draft timber broken, and another had a center pin broken by the collision. None of the cars were derailed. The caboose was not injured, and no one on the train was hurt except Krumm. He was standing up in the caboose near the rear door; and when the cars came together, the force of the collision threw him down, bruising his shoulder and hip, from which he suffered considerable pain and inconvenience, and was confined to his room for several weeks, though, in the opinion of the physician who attended him, the injuries were not permanent. He afterwards brought this action to recover $5000 as damages for the injury. On the trial the circuit judge directed a verdict for the defendant on the ground that the plaintiff had been guilty of negligence in standing up in the caboose while the train was in motion, and that this negligence was one of the causes of his injury. The other facts are sufficiently stated in the opinion. Plaintiff appealed.

*P. R. Andrews, Campbell & Stevenson,* for appellant.

The question of negligence on the part of the railway company is a mixed one of law and fact, and should have been submitted to the jury. 35 Ark. 602; 60 Ark. 409. Freight trains are not bound to carry passengers, yet, when they elect to do so, they are liable as carriers of passengers. 21 Am. & Eng. R. Cas. 384; 58 Me. 187; 33 Wis. 41; 18 Fed. 221; 72 Mo. 621; 4 Am. & Eng. R. Cas. 580; 62 Texas 285. It was a question for the jury to say whether plaintiff was guilty of contributory negligence in going for water when the train was in motion. 125 Mass. 99; 103 Mass. 391; 57 Cal. 432; 81 Mo. 325; 85 Mo. 79; 27 Am. & Eng. R. Cas. 151, 216, 282. A carrier's rule to be binding on passengers must be reasonable. 90 Ga. 562; 76 Md. 207; 82 Va. 250; 5 Am. & Eng. Enc. Law (2d ed.), 482. The reasonableness of the rule is a question for the jury. 5 Mich. 520; 36 Wis. 458; 7 Met. (Mass.) 596; 2 Sumn. (U. S.), 221; 4 Fed. 37. The question of negligence or contributory negligence was for the jury to determine. 61 Ark. 555.

*Dodge & Johnson,* for appellee.

The proximate cause of appellant's injuries was in his own acts and in violation of the printed notice and warning, seen by appel-

lant. 4 Elliot, Rds., 1576; 45 Ark. 263; 47 Ark. 79; 49 Ark. 357.
Passengers must obey general rules of a railway company. 30 S.
W. 574; 30 Kas. 507; 29 Ind. 232; 8 Biss. 131; 1 Elliot, Rds.,
§ 199; 31 Ark. 50; 118 Mass. 228; 55 N. Y. 108; 92 Ala. 204; 88
Ky. 232; 76 Pa. St. 510. Appellant was guilty of negligence. 98
N. C. 494; 89 Mo. 233; 95 Ga. 376. Appellant could not demand
the care and attention that he could on a passenger train. 4
Elliot, Rds., 2553; 52 Ark. 517; 120 Ind. 549; 98 N. C. 449; 79
Va. 241; 99 N. C. 241; 38 Fed. 822. The appellant assumed such
risks as are attendant on riding on a freight train, and his own act
was the proximate cause of his injury. 25 C. C. A. 489; 14 Allen,
429; 3 Allen, 18; 95 U. S. 439; 114 N. Y. 609; 29 Ind. 82; 65 Pa.
St. 284; 33 Pa. St. 318; 133 Pa. St. 1; 58 Me. 176; 32 Md. 377;
85 Ga. 653; 56 Ia. 664; 78 Va. 645; 32 C. C. A. 283; 33 M. W. 474.
Appellant by his own act placed himself in a dangerous position, and
can not recover. 38 C. C. A. 412, 540; 14 Allen, 429; 51 Ill. 495;
31 N. Y. 314; 24 Ark. 613; 40 Ark. 322; 46 Ark. 528. By the
use of ordinary care, appellant could have avoided the injury.
6 C. C. A. 643; 94 U. S. 469; 5 C. C. A. 347; 85 Pa. St. 283; 27
Am. & Eng. R. Cas., 216; 34 Am. & Eng. R. Cas., 552; 99 N. C.
241; 8 Am. & Eng. R. C. (N. S.), 79; 26 Ill. 373; 16 Ill. 568; 57
Ark. 298; 46 Ark. 530; 72 Ala. 112; 47 Am. & Eng. R. C., 580; 38
Ga. 409; Beach, Con. Neg., § 149; 120 Ind. 549; 105 N. Y. 525;
40 Ark. 298; 14 Allen, 429; 107 Mo. 653; 18 Mo. App. 290; 41 Mo.
App., 432; 16 Col. 103. The appellee was not negligent in the
handling of its train. 66 Ark. 439; 53 Ark. 96; 62 Ark. 182; 43
Ark. 225; 66 Ark. 248; 14 Am. & Eng. R. C. (N. S.) 30; 83 Ga.
393; 68 S. W. 427; 72 N. W. 1112.

RIDDICK, J., (after stating the facts). This is an action to
recover damages which plaintiff alleges that he suffered on account
of the negligence of the defendant company. Plaintiff was riding
in the caboose of a freight train, and was thrown down and injured
by the jar caused by a collision between two parts of the train which
had become uncoupled. The circuit judge directed a verdict on the
ground that the evidence showed conclusively that plaintiff was
guilty of contributory negligence in standing up in the caboose
while the train was in motion, and whether this ruling was correct
is the main question in the case. It is conceded that the company
had posted in the caboose a notice, plainly printed in large letters,
warning passengers not to stand up while the train was in motion.

Plaintiff saw this notice, but he says that he did not read it until after the accident. The notice was headed by the words "WARNING NOTICE, DANGER," in large capital letters, and was well calculated to attract attention. If, after having seen it, plaintiff failed to read it, the fault was his. The rule was a reasonable one, for it is well known that it is not practicable to operate freight trains without occasional jars and jerks calculated to throw down and injure careless and inexperienced persons standing in the car. This rule, therefore, was necessary to protect passengers on such cars from injury.

But counsel for plaintiff contends that plaintiff, being thirsty, got up from his seat to get a drink of water, and for that reason was not guilty of negligence in being on his feet at the time of the collision. On that point plaintiff testified as follows: After they unloaded the cinders, "I got back in the caboose. About that time I stopped to get a drink of water, and one of the brakeman had dipped some water out of the barrel into the cooler—they put ice in at Bald Knob—and I was waiting a few minutes for the water to cool. The train had started, and I was there a few minutes, and during that time the crash came, and threw me backwards." Further on, the examination and testimony proceeded as follows: Q. "What position were you in? A. I was standing right near the door, looking out, and the cooler was right over to my right, and I think I had my hand on the frame where the cooler was setting. Q. Standing there, looking out, waiting for the water to cool? A. Yes, sir. Q. You stood there how long before this collision? A. As near as I could judge, we run about a mile. Q. Do you know how many minutes it took that train to run a mile? A. I reckon two or three minutes. Q. And while standing there this collision occurred? A. Yes, sir." Now, his testimony shows that he stood up in the car from the time the train left the place where the cinders were unloaded until it reached Rio Vista, where the accident happened. The evidence in the case shows that the distance between these two points was about a mile and a half, and that it took the slow-moving freight train in starting and stopping some five or ten minutes to cover this distance. But, taking the statement of plaintiff that it was only two or three minutes as true, still plaintiff was not getting or drinking water during this time. He was standing there waiting for the water to cool. There was no necessity for him to do this. He should have remained in his seat while the water was cooling. Had he done so, it is plain

that he would not have been injured. His injury, then, was due in part at least to his own carelessness. We are of the opinion that the circuit court was right in holding that the testimony of the plaintiff himself showed that his injury was due to his own carelessness. The judgment is therefore affirmed.