## ALTEN v. McFALL.

### (Circuit Court, N. D. New York. October 17, 1898.)

INSURANCE—LIMITATION OF ACTION—ESTOPPEL.

A court will not enforce the short private limitation fixed by an insurance policy for the bringing of an action thereon, where there was at no time a denial of liability, and the delay resulted from the expectation of the insured, induced by the insurer, that the loss would be paid without suit as soon as funds could be provided.[1]

This is an action at law on a marine insurance policy.

Ingram, Mitchell & Williams and Orestes C. Pinney, for plaintiff.
Clinton & Clark, George Clinton, and Alfred W. Gray, for defendant.

COXE, District Judge. This action is to recover on a "Lloyds" policy of insurance for the loss of the schooner "Red White and Blue" which was wrecked on Whaleback reef, in Green Bay, in the early part of September, 1895. The cause was tried at Buffalo in September, 1898, before the court, a jury having been waived. The only question which it is necessary to consider is whether the action was commenced in time. All other questions were disposed of at the trial, the question of limitation alone being reserved for the submission of authorities. The policy contains a provision that it shall be void "unless prosecuted within one year from the date of the loss." The action was commenced July 9, 1897. The plaintiff contends that the limitation did not begin until the amount to be paid was due; that it was not due till finally adjusted; that this adjustment did not take place until September, 1896, and that the suit was brought in less than a year thereafter. The defendant insists that payment became due 60 days after service of the proofs of loss—namely, March 1, 1896, and that the limitation expired on the last day of February, 1897. Assuming the defendant to be correct is the policy avoided?

[1] As to limitation of actions in insurance suits, see note to Steel v. Insurance Co., 2 C. C. A. 473.

In Thompson v. Insurance Co., 136 U. S. 287, 10 Sup. Ct. 1019, the court, at page 299, 136 U. S., and page 1023, 10 Sup. Ct., say:

"It would be contrary to justice for the insurance company to hold out the hope of an amicable adjustment of the loss, and thus delay the action of the insured, and then be permitted to plead this very delay, caused by its course of conduct, as a defense to the action when brought."

See, also, Steel v. Insurance Co., 2 C. C. A. 463, 51 Fed. 715.

It is thought that the testimony brings the cause within this doctrine. Without attempting to discuss the evidence in detail the court is convinced that the plaintiff's delay was due to the conduct of the defendant and other agents of the underwriters. At no time was there a denial of liability. Every act and every written and spoken word of the defendant and his associates indicated that the loss would be paid without suit as soon as the underwriters could devise ways and means to meet it. At the time in question the affairs of the insurers seem to have been involved in confusion. Several of them, apparently, distrusted their agent. There were many demands and an empty treasury. The plaintiff was given to understand that they were endeavoring to meet their obligations and that his loss would be paid as soon as they could provide the funds. If, in their embarrassed condition, he had precipitated a suit and added a bill of costs to their other burdens he might have subjected himself to a charge of bad faith. He had a right to assume that the insurers recognized his claim, intended to pay it and would pay it as soon as they could raise the money. The court ought not to be overzealous in enforcing a short private law of limitation where it is plain that the defendant has not been injured and where his conduct is such as to induce the plaintiff to believe that he did not intend to rely upon such a provision. The plaintiff is entitled to judgment.

NOTE. I do not overlook the fact that counsel have argued the question of unseaworthiness. My own understanding was that this question was not reserved, but, however this may be, I do not think the defense can prevail. The fact that the compass did not register accurately at the time of the loss is not sufficient to sustain a finding that the schooner was unseaworthy at the time of the insurance.

I do not think extended findings are necessary, but if the plaintiff's attorneys wish such findings they may prepare them, and if, after submitting them to the defendant's attorneys, they cannot agree, the findings may be submitted to me for settlement.