KANSAS CITY, PITTSBURG & GULF RAILROAD COMPANY *v.* PACE.

Opinion delivered April 20, 1901.

CARRIER—LIMITATION OF CONTRACT—WAIVER.—Where a carrier sued for delay in shipment failed to allege in its answer the existence of a special contract limiting its liability, a defense based upon such contract will be treated as waived.

Appeal from Benton Circuit Court.

EDWARD S. McDANIEL, Judge.

### STATEMENT BY THE COURT.

This is an action brought by M. A. Pace and L. O. Woods, shippers of a car of live stock (cattle and hogs) over the Kansas City, Pittsburg & Gulf Railroad Company from Siloam Springs

to Kansas City. The complaint alleges that defendant company negligently failed to furnish a car within a reasonable time after demand for the shipment of the stock, and also caused delay after the start in the transportation of the stock, by furnishing a disabled engine to haul the car containing the stock; that, by reason of such delays and failure to furnish transportation, the stock was injured in value, and plaintiff damaged. The defendant appeared, and answered, and upon a trial there was a verdict and judgment in favor of plaintiff for the sum of $50. From the judgment the defendant appealed.

*Read & McDonough,* for appellant.

Appellees were not entitled to recover, because of their noncompliance with the provisions of their contract requiring them to furnish written notice of loss. 111 Ill. 351; 39 N. E. 426; 8 Pac. 465; 28 Pac. 1013; 44 Pac. 1000; 15 S. E. 88; 37 Am. St. Rep. 635; 16 Am. & Eng. R. Cas. 259; 63 Ark. 331. The court erred in its instructions to the jury and in the admission of evidence.

RIDDICK, J., (after stating the facts). This is an action against a railway company to recover damages alleged to have been caused to live stock by the negligence and delay of the company in shipping the same. One contention of the company is that the plaintiffs cannot maintain the action for the reason that they did not comply with a provision of the contract of shipment requiring the shipper to give notice in writing of any loss or damage to the property while in the possession of the company within five days after it occurred. But if the company wished to avail itself of such a defense, it should have set it up in its answer. The plaintiff was not required to allege or prove that the stock was shipped under a special contract, to make the company liable; for, by virtue of the common law, it was liable as a carrier for all damages to property in its possession not caused by the act of God or the public enemy. If the company held a contract limiting its liability, and relied as a defense upon the failure of the plaintiff to comply with the contract, it should not only have set up the contract, but should have stated the particulars in which plaintiff had thus failed. As it did not do this in respect to the notice, but went to trial on an answer setting up several other defenses, but making no reference to the failure of the plaintiff to give the notice referred

to, that defense, if it ever existed, must now be treated as abandoned or waived. *Bennett* v. *Northern Pac. Exp. Co.,* 12 Ore. 49; *Westcott* v. *Fargo,* 61 N. Y. 542, 551; *Hull* v. *Chicago, St. P., M. & O. Ry.,* 16 Am. St. Rep. 722; *Witting* v. *St. Louis & S. F. R. Co.,* 20 Am. St. Rep. 636, and note; Hutchinson, Carriers, § 259.

There were numerous other objections urged to rulings of the trial judge, but we have considered them, and are of the opinion that none of them are tenable. The instructions given, we think, were substantially correct, and the evidence sufficient to sustain the verdict. The judgment is therefore affirmed.