ST. LOUIS & NORTH ARKANSAS RAILROAD COMPANY *v.* WILSON.

Opinion delivered February 3, 1908.

1. CARRIER—FAILURE TO CARRY SAFELY—FORM OF ACTION.—In suing a carrier for failure to carry and deliver goods safely, the action may be, in form, either *ex contractu,* counting upon the non-performance of the agreement which the defendant made with him, or *ex delicto,* counting upon the defendant's violation of a public duty; but the same law is applicable to both classes of action, and the measure of damages is the same. (Page 261.)

2. SAME—LIMITATION OF CONTRACT—WAIVER.—Where a carrier, sued for delay in the carriage and delivery of goods, failed to allege in its answer the existence of a special contract limiting its liability, it will be held to have waived any defense based upon such contract. (Page 262.)

Appeal from Boone Circuit Court; *Brice B. Hudgins,* Judge; affirmed.

STATEMENT BY THE COURT.

This suit was brought before a justice of the peace by the appellees against the appellant, by filing the following complaint:

"The plaintiffs for cause of complaint state that the defendant is a corporation organized under the laws of the State of Arkansas, and doing business as a common carrier, and as such undertook and agreed to transport from Harrison, Arkansas, to St. Louis, Missouri, two carloads of cattle, two of sheep, and two of hogs, on the 14th day of January, 1905, and that by the negligence of said company said stock was delayed and not delivered within a reasonable time, and that by reason of such negligence said stock was damaged and delivered in bad condition, and damaged these plaintiffs, as follows: Loss in shrinkage of cattle and depreciation of market value, killed and wounded, making in all $150. Wherefore plaintiffs pray judgment for $150, and all their costs in this suit laid out and expended."

The appellant did not appear before the justice of the peace, and judgment was there rendered in favor of the appellees for the sum of $150, interest and costs of suit. From this judgment the appellant appealed to the Boone Circuit Court, where the case was again tried without a jury, and judgment there rendered for the plaintiffs, appellees, for the sum of $150 with interest thereon at the rate of six per cent. per annum from January 15, 1906, until paid.

In the circuit court the defendant, appellant, caused to be noted of record the following oral answer:

"Defendant denies each and every allegation in the complaint, and states when plaintiffs reached the end of the line they failed to notify any one of the condition of the stock until they were mixed with other stock. The defendant further states that it had two rates, and that plaintiff accepted the cheaper rate, and that under that rate they would not have to reach their destination in a certain time."

Upon the trial in the circuit court, W. W. Wilson, one of the appellees, testified that appellees shipped six carloads of stock, two of cattle, two of sheep, and two of hogs, from Harrison. Arkansas, on appellant's railway; that the stock was

loaded and the train carrying them left Harrison about one or two o'clock, January 14, 1905; that the usual time for the run from Harrison to East St. Louis is 28 hours.

Upon the trial the appellant admitted that, if the appellees were entitled to recover in this action, the evidence shows them entitled to $150 and interest at six per cent. per annum from the bringing of this suit.

C. H. Dewey testified that he was station agent for appellant at the time the six carloads of stock were shipped; that appellees never shipped any stock except on written contract with the railroad company.

Defendant, now appellant, asked the court to make the following findings of fact:

"1.  The court finds as a fact that the plaintiffs in this suit brought their action on a verbal contract, and that the proof on the part of the plaintiffs and defendant shows that the shipment of stock was made on a written contract.

"2.  The court finds that the defendant denied that it shipped the stock mentioned in the complaint on a verbal contract, and that the plaintiffs had failed to prove said allegations.

"3.  The defendant thereupon asked the court to find the issues for the defendant."

Appellant asked, and the court, over its objections and exceptions, refused to make, declarations of law numbered as follows:

"1.  The court declares the law to be that plaintiff can not sue on a verbal contract and maintain its action by proof of a written contract.

"2.  The court declares the law to be in favor of the defendant."

The court then on its own motion made the following finding of facts:

"The court finds that the plaintiffs in this case rely on the common-law liability of the defendant as a common carrier.

"The court further finds that the plaintiffs tendered the stock mentioned in their complaint to the defendant at Harrison, Arkansas, to be shipped from said point to East St. Louis, Ill., and that the defendant accepted said stock for shipment, and shipped same to said point.

"The court further finds that the plaintiffs signed some kind of a written contract, which is in the possession of the defendant, the contents of which is unknown to the court.

"The court further finds that the plaintiffs' stock was damaged by unreasonable delay in transit to the amount of $150."

To all of which conclusions of facts so found by the court the defendant at the time excepted, except as to the last one as to the amount of damage, and asked that its several exceptions be noted of record, which was accordingly done.

The court thereupon declared the law to be as follows:

"The court declares the law to be that when a common carrier receives live stock for shipment, it is its duty to transmit such stock to its place of destination in a reasonable time, and in as good condition as the length and nature of the haul will permit.

"The court finds the law in favor of the plaintiff.

"The court finds the evidence in favor of the plaintiff."

And rendered judgment for plaintiffs for $150 and interest as prayed.

The defendant, appellant, then moved in arrest of judgment on the following alleged grounds: "That the plaintiffs in this action rely on the common-law liability of the defendant as a common carrier, and that, the suit being in justice's court for more than $150, the justice of the peace had no jurisdiction, and that the circuit court acquired none by appeal."

A motion in arrest of judgment was filed and overruled. A motion for a new trial was then filed, and, upon it being overruled, an appeal was taken to this court.

*Crump, Mitchell & Trimble,* for appellant.

1. The question of jurisdiction was properly raised by the motion in arrest of judgment. It could be raised here for the first time. 33 Ark. 31.

2. Actions for damages to personal property or common law liability are *ex delicto* and in tort; and, under the finding of the court, the verdict should have been for the defendant. Hutchinson on Carriers (3 Ed.), § § 1322, 1324, 1332; Angell on Carriers (4 Ed.), § 422. One may waive his written contract with a carrier and sue in tort. 29 L. R. A. 581; 49 S. W.

1103; 26 S. W. 704; 41 Ark. 478. The court's finding that it was a suit on a common-law liability will not be disturbed unless contrary to the evidence or without sufficient evidence to support it. 23 Ark. 24; 68 Ark. 83; 40 Ark. 144; 23 Ark. 208; 60 Ark. 250; 36 Ark. 260.

3. Being a suit for a tort, the justice of the peace had no jurisdiction, the amount involved being in excess of $100, and the circuit court acquired none. Art. 7, § 40, Const.; 41 Ark. 478; 47 Ark. 61; 42 Ark. 210.

4. If it is held to be a suit on a contract, then the suit should be reversed and dismissed, since one can not sue in tort and recover in contract. 70 Ark. 319; 76 Ark. 333; 77 Ark. 551; 46 Ark. 103; 76 Ark. 48; 71 Ark. 247; 64 Ark. 307. Plaintiff would not be permitted to recover upon a written contract without introducing the contract in evidence. 21 Ind. App. 218.

*Pace & Pace* and *J. W. Story*, for appellees.

1. Appellees had the right to sue either *ex contractu* or *ex delicto*, but the same law is applicable, and the measure of damages the same in both classes of cases. 41 Ark. 476; 63 Ark. 568. The court's finding that "the plaintiffs in this case rely on the common-law liability of the defendant as a common carrier" was only a finding that they sought to recover their damages as fixed by the common law, and not that the action was in form *ex delicto*.

2. It is not the question of whether the suit is to recover for the common-law liability of the carrier that determines the jurisdiction of the justice of the peace, but it is the form of the action that determines the jurisdiction.

3. The action is upon the implied contract. If appellant had any special contract limiting its liability, it was its duty to set it up and prove it, and show wherein appellees had failed to comply therewith. 69 Ark. 256.

HART, J., (after stating the facts.) Appellant contends that this is an action for tort, and, therefore not within the jurisdiction of a justice of the peace. In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Heath*, 41 Ark. 478, the court said: "In suing a common carrier for the breach of a contract for the carriage and delivery of goods, the action may be, in form,

either *ex contractu* or *ex delicto*. The plaintiff may bring assumpsit, counting upon the nonperformance of the agreement which the defendant made with him; or he may bring case and count upon the violation of the public duty which the defendant owes. But the same law is applicable to both classes of action, and the measure of damages is the same in both."

The allegations in the present case will support an action in either form *ex contractu* or *ex delicto*. *St. Louis, I. M. & S. Ry. Co.* v. *Sweet,* 63 Ark. 563. There was a judgment by default against the company in the justice's court. In the circuit court the action was evidently tried upon the theory that it was for a breach of contract, for the defendant entered an oral plea denying the allegations of the complaint and stating that it had two rates. It further stated that plaintiffs accepted the cheaper rate, and that under it the stock shipped would not have to reach its destination in a certain time. The testimony was directed mainly to the point that there was a written contract, all the testimony showed that a contract of shipment was executed, but the contract was not introduced in evidence. The defendant, now appellant, asked the court to find the facts to be that plaintiffs brought their action on a verbal contract, and that the proof on both sides showed the shipment of stock was made upon a written contract. If the action was founded upon tort, it was not necessary to prove a contract, either verbal or written. All that was necessary upon the part of the plaintiff was to prove that the stock was received for shipment, and that there was a violation of the duty owed the shipper by the carrier. If the contract contained terms and conditions that were favorable to the carrier, these were not matters to be set up in the complaint, but were available to the carrier as a defense, and are required to be so pleaded. "The plaintiff was not required to allege or prove that the stock was shipped under a special contract to make the company liable; for, by virtue of the common law, it was liable as a carrier for all damages to property in its possession not caused by the act of God or the public enemy. If the company held a contract limiting its liability, and relied as a defense upon the failure of the plaintiff to comply with the contract, it should not only have set up the contract, but should have stated the particulars in which plain-

tiff had thus failed." *Kansas City, P. & G. Rd. Co.* v. *Pace,* 69 Ark. 256.

    Affirmed.