Missouri & North Arkansas Railroad Company *v.* Pullen.

Opinion delivered April 19, 1909.

1. Carriers—defense—waiver.—Where a carrier, sued for delay in transporting livestock, relies as a defense upon the plaintiff's failure to comply with a contract limiting its liability, it will be held to have waived such defense unless it sets out the contract and states the particulars in which the plaintiff failed. (Page 186.)

2. Same—carriage of livestock—liability.—Though, by virtue of the contract under which animals are carried, it is the duty of the shipper to attend the animals and provide for their wants, yet if the carrier

fails or refuses to furnish the shipper reasonable opportunities and facilities for performing the duties which he has undertaken, the carrier will be liable for the injury thereby sustained. (Page 186.)

3. SAME—SHIPMENT OF LIVESTOCK—NOTICE OF CLAIM.—Where a bill of lading for the shipment of a carload of livestock stipulated that the shipper, within one day after delivery of the stock, should give notice in writing of any claim for damages before the stock is removed from the point of shipment or from the place of destination, but failed to specify the place of delivery, the shipper had a right to remove the stock to his farm, a mile and a half from the station, and the notice of his claim of damages could be given within twenty-four hours after the stock was placed on the farm. (Page 187.)

4. SAME—CARRIAGE OF PROPERTY—PLACE OF DELIVERY.—The place where property is to be delivered by the carrier is the usual place for making such delivery at the point of destination, unless the specific place is named in the contract of shipment. (Page 189.)

5. SAME—LIVESTOCK—TIME OF REMOVAL.—Under a contract for shipment of livestock providing that notice of any claim of damages should be given by the shipper within one day after delivery of such stock at destination, the shipper was entitled to a reasonable time in which to remove the stock after reaching the destination. (Page 189.)

6. SAME—LIVESTOCK—WHEN DELIVERY COMPLETE.—Where a shipment of livestock and other property was made in one car and under one contract, the contract was indivisible, and the delivery of no part of the shipment was completed until delivery of the entire shipment was made, provided same was removed by the shipper within a reasonable time. (Page 189.)

Appeal from Boone Circuit Court; *Brice B. Hudgins,* Judge; affirmed.

*W. B. Smith* and *J. Merrick Moore,* for appellant.

1. Appellant, as a connecting carrier, is entitled to the benefit of all the valid stipulations and conditions contained in the contract of appellee with the St. Louis & San Francisco Railroad Company. 39 Ark. 149; 50 Ark. 397. This contract provides for written notice within one day after delivery of stock at destination, a reasonable requirement. 63 Ark. 135; 82 Ark. 357. And the burden was on appellee to show that he gave notice within the time. *Id.*

2. Appellee was given free transportation and accompanied the stock. In consideration thereof it was provided in the contract that the cars and livestock were to be in his sole charge for the purpose of attention and care, and that the company

should not be liable for such attention. The burden was on him to prove that the delay in transit and failure to afford opportunities for feeding, watering, etc., were due to appellant's negligence, and not to some unavoidable occurrence or accident. 50 Ark. 397; 39 Ark. 530.

*J. W. Story,* for appellee.

1. The contract entered into at Mayfield, Ky., was for through transportation from that point to destination, and the consideration, $100.00, was paid to the initial carrier. It was a through contract. I Hutchinson on Carriers, 3d Ed., §. 229; 74 Ark. 9; 83 Ark. 87; 85 Ark. 127. The St. Louis & San Francisco Railroad Company had no right to demand, and appellee was under no legal or moral obligation to sign, another contract. It is void for want of consideration. 102 S. W. (Mo.) 1029; 29 S. W. (Ky.) 188; 87 S. W. (Mo.) 99; 1 Hutchinson on Carriers, 3d Ed. 240. Void also because no choice of contracts or rates was allowed to him. 115 S. W. (Ark.) 393. The provisions and conditions of the contract, if valid, could not be invoked to protect appellant against its own negligence. 49 S. W. 188.

2. Appellee's farm, 1½ miles from the station, was the place of destination. He was not required to give notice until the work of unloading was completed. Written notice was given within one day after unloading. It was for the court to say, a jury having been waived, whether the notice was given within a reasonable time. 63 Ark. 331; 30 S. W. (Tex.) 500.

*W. B. Smith* and *J. Merrick Moore,* for appellant in reply.

The Mayfield contract was not a through contract. The initial carrier, by the first paragraph thereof, only accepted the livestock "to be transported by it to Memphis, Tennessee, for transportation to Harrison, Arkansas." Also the contract exempts the initial carrier from liability for injuries not occurring on its own line. 32 Pac. 488. If a through contract, it was not binding upon the connecting carrier unless it chose to adopt it; and, in the absence of some agreement for through rates, the initial carrier could not make a contract with the shipper that would be binding upon the connecting carrier. 1 Hutchinson on

Carriers, 270; 21 N. E. 367; 56 Ark. 439; 6 Am. & Eng. Enc. of
L. 660, 661; 49 Ark. 352; 50 Ark. 397.

FRAUENTHAL, J.   On February 15, 1907, the plaintiff, B. B.
Pullen, delivered for carriage at Mayfield, Ky., to the Illinois
Central Railroad Company household goods and a number of
of head of livestock, and on that day that company, in consider-
ation of $100 then paid to it by plaintiff, executed to him a
written contract, by which it agreed to carry said goods and
stock from Mayfield, Kentucky, to Harrison, Arkansas.   The
goods and stock were shipped in one car, and were transported
to Memphis, Tennessee, by the Illinois Central Railroad Com-
pany, and thence to Seligman, Missouri, by the St. Louis & San
Francisco Railroad. Company, and from that point they were
carried by the defendant, the Missouri & North Arkansas Rail-
road Company, to Harrison, Arkansas, the place of destination.
The plaintiff in his complaint alleged that the defendant on its
line of railroad unnecessarily and unreasonably delayed the
carriage of said stock and negligently failed to provide facilities
for watering and feeding same, from which causes the stock
was greatly damaged; and for these damages he seeks a recovery.

The defendant, in its answer, alleged that the plaintiff had
an agent in charge of the stock whose duty it was to feed and
water the same.   It further alleged that the plaintiff shipped the
stock under a contract limiting the liability of the defendant in
this: that in consideration of reduced rates the plaintiff agreed
that, as a condition precedent for any damages for delay, loss
or injury to the livestock, he would give notice in writing of his
claim in the manner as will hereinafter be more specifically set
out, and on failure to comply with said condition of the agree-
ment he should be barred from a recovery of any such claim;
and defendant charged that he did not give such notice as he had
contracted to do.

The case was tried by the court sitting as a jury upon an
agreed statement of facts; and a finding was made and judgment
was given in favor of plaintiff for $125.

From this agreed statement of facts it appears that the
stock was damaged in the sum of $125 by reason of the delay
in shipping, which occurred on the line of defendant's railroad.

The answer of the defendant presents two propositions, the

determination of which will decide whether there is any valid defense to a recovery for these damages.

1.    The defendant urges that the plaintiff or his agent was by the terms of the contract given free transportaion and under the testimony did accompany the stock; that by one of the provisions of the contract, in consideration of such free transportation, it was the duty of the plaintiff to feed and water the stock; and that thereby the defendant was exempted from liability for failure to water and feed the stock. But in its answer the defendant did not set forth the alleged provision of the contract exempting it from liability in this regard, and did not specifically plead such provision. "If the company held a contract limiting its liability, and relied as a defense upon the failure of the plaintiff to comply with the contract, it should not only have set up the contract, but should have stated the particulars in which plaintiff had thus failed." *Kansas City, Pittsburg & Gulf Railroad Company* v. *Pace,* 69 Ark. 256. It should in its pleadings not only refer to the contract, but also set forth the terms thereof specifically whereby its liability is limited. And in its answer the defendant has not set forth any provision of the contract that exempted it from liability by reason of the plaintiff or his agent accompanying the stock; and in its abstract it has not set forth any such provision. *St. Louis, I. M. & S. Ry. Co.* v. *Randle,* 85 Ark. 127; *St. Louis & N. Ark. Rd. Co.* v. *Wilson,* 85 Ark. 257; 1 Hutchinson on Carriers (3d Ed.) § 444.

But, even though this defense had been properly pleaded, it is not sustained by the evidence. The agreed statement shows that the car was delayed and held at Eureka Springs, Arkansas, by the defendant for an unreasonable time, and that plaintiff requested defendant to give him permission to unload his stock so as to attend to their wants and save them from injury on account of the delay, and the defendant would not give him that permission. The plaintiff attempted to and did all he could to give the stock the attention that was necessary and which the stock required, and the defendant failed and refused to furnish him the opportunity and facilities for the performance of that duty. The defendant thereby became liable for the injury which thus resulted to the stock; and it was agreed in the statement of facts that the stock was damaged by reason of the delay that

occurred on defendant's line at that place. The mere fact that plaintiff accompanied the stock and agreed to water and feed same did not absolve defendant from all responsibility. The de-defendant owed the plaintiff the duty to furnish him the ways and means to water and feed the stock. In 2 Hutchinson on Carriers (3d Ed.), § 641, it is said: "But, even though, by virtue of the contract under which the animals are carried, it is the duty of the shipper to attend the animals, provide for their wants and protect them from injury to themselves, yet if the carrier fails or refuses to furnish the shipper reasonable opportunities and facilities for performing the duties which he has undertaken, the carrier will be liable for the injury thereby sustained." 6 Cyc. 439. The defendant is therefore liable for the damages to the livestock thus caused by the unnecessary and unreasonable delay in their carriage and the negligent failure to furnish facilities for watering and feeding said stock while same was being transported by the defendant on its line of railroad.

2. It is urged by the defendant that by the contract of shipment it was provided: "That, as a condition precedent to a recovery for any damage for delay, loss or injury to livestock covered by this contract, the second party will give notice in writing of the claim therefor to some general officer or the nearest station agent of the first party, or to the agent at destination, or some general officer of the delivering line, before such stock is removed from the point of shipment, or from the place of destination, and before such stock is mingled with other stock such written notification to be served within one day after the delivery of such stock at destination, to the end that such claim shall be fully and fairly investigated; and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims."

The defendant contends that this provision of the contract was made upon sufficient consideration, and was therefore valid; and that the plaintiff did not give the above notice, and is therefore barred from a recovery herein. From the agreed statement of facts it appears that when the plaintiff delivered his property for carriage at Mayfield, Ky., he received from the carrier at that point a contract for through shipment to Harrison, Ark., for which he paid the full rate that was required, and

that in that contract the above provision as to notice did not appear; but, on the contrary, that contract provided that the claim for damages should be made to the agent of the company at the point of destination within ten days from the time said stock was removed from the cars.   When the car arrived at Memphis, Tenn., it was turned over to the St. Louis & San Francisco Railroad Company for further transportation, and that company, without taking up the original contract of shipment entered into by plaintiff with the Illinois Central Railroad Company, thereupon entered into a second written contract with plaintiff for the further carriage to the same destination, in which contract is the above provision of limitation of liability for failure to give notice within the reduced time.   There was no further consideration given upon the execution of this last contract, other than the carriage by the St. Louis & San Francisco Railroad Company as the connecting carrier.   The original contract of shipment was still retained by plaintiff.   In the determination of this case it is not necessary to pass upon the question as to whether there was any consideration for the execution by plaintiff of this second contract of shipment, so as to make its clauses of limitation of liability binding and valid; because we think that there was a sufficient compliance with the provisions of the second contract as well as the provisions of the first contract of shipment relative to the giving of notice of claim of damages.

The agreed statement of facts shows that the car with its goods and livestock arrived at Harrison, Ark., on February 19, 1907, at 4 o'clock P. M., and that the entire shipment in the car was not unloaded until the morning of February 21, 1907; so that the entire shipment was not delivered until that time.

The plaintiff began unloading the car late in the evening of February 19 and the taking of the livestock out to his farm, a distance of 1½ miles, where they were not mingled with other stock before the hereinafter mentioned notice was given.   Upon the morning of February 21, the entire shipment was unloaded and delivered; and on the same morning, about 8 o'clock A. M., the plaintiff told the agent of defendant at Harrison, Arkansas, of his claim of damages.   The agent then told plaintiff that he had better make out his claim, and plaintiff then asked him if

it was necessary to make it out in writing, and the agent then said, "he would guess so." The plaintiff at once made out a written claim for damages, to which he called the attention of defendant's agent, to which the agent offered no objection or protest. Now, the place where the property is to be delivered by the carrier is at the usual place for making such delivery at the point of destination unless the specific place is named in the contract of shipment. In this case there was no evidence which indicated where the usual place of delivery was at the point of destination, and no place was named in the contract. In the absence of such proof, the plaintiff had the right, in the course of unloading this property and stock, to take the same to some place for care and protection, which was within a reasonable distance of the car, before it can be said that there was a completed removal of same within the meaning of this provision of the contract. And, under the above provision of the contract and the circumstances of this case, we do not think that a removal of the stock to the farm of plaintiff, 1½ miles from the car, was an unreasonable distance. 6 Cyc. 467.

The plaintiff was entitled to a reasonable time in which to remove his property and stock, and we cannot say that the time required by plaintiff for such removal in this case was unreasonable. 2 Hutchinson on Carriers (3d Ed.) § 712. The shipment was made in one car, and the carriage of same was indivisible. The carriage was not completed until there was a delivery at the destination; so that the delivery of the shipment was indivisible, and the delivery of no part of the shipment was completed until the delivery of the entire shipment was made, provided same was removed within a reasonable time. 6 Cyc. 465.

Under the agreed statement of facts, therefore, we find that within one day after the removal and delivery of the stock and shipment the plaintiff gave notice in writing of his claim for damages to the agent of defendant at destination and before the stock was mingled with other stock. This was a sufficient compliance with the terms of the contract of shipment relative to the giving of notice of claim of damages.

We are of the opinion, therefore, that there is sufficient evidence to sustain the finding of the court, and that its judgment based thereon is correct.

The judgment is affirmed.