BARNEY GILINSKY, APPELLEE, V. ILLINOIS CENTRAL RAILROAD COMPANY, APPELLANT.

FILED OCTOBER 30, 1915. No. 18268.

1. **Carriers: DELAYED SHIPMENT: ACTION FOR DAMAGES: SUFFICIENCY OF EVIDENCE.** Evidence examined, and *held* sufficient to sustain the judgment for damages on the issue of negligence, in the shipment of a car of bananas.

2. ———: ———: ———: DEFENSES: WAIVER. Provisions of a bill of lading requiring written notice of damage to be given to the

carrier and fixing a time less than that fixed by the statute in which action shall be commenced, in order to be available as defenses, must be pleaded as such, otherwise they are deemed waived.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*William Baird & Sons* and *Helsell & Helsell*, for appellant.

*Baldrige, Keller & Keller, Blewett Lee* and *W. S. Horton, contra.*

MARTIN, C.

The plaintiff refused to receive a car-load of bananas, and brought suit against the Illinois Central Railroad Company as the initial carrier for the value of the bananas, which were shipped by the Fruit Dispatch Company from New Orleans, Louisiana, to Council Bluffs, Iowa. The petition alleged that the bananas were shipped in good condition, and should have reached their destination in about 70 hours, whereas, through the negligence of the carrier, they were loaded in an old and broken car, which was detained for repairs, and that the shipment was made by a circuitous route, and when the car arrived, having been on the way about six days, the bananas were practically worthless. The railroad company denied the allegations of the petition, and affirmatively alleged that, in the event it is proved that it received the car of bananas for transportation, the same was transported under the care and control of the agents of the consignee, and that, if any damage accrued to the bananas, the same was due to the negligence of the plaintiff's agents. There was a reply in the nature of a general denial. The plaintiff had a verdict of the jury and judgment for the sum of $904.50. The railroad company has appealed to this court.

The evidence shows that there was unnecessary delay in the shipment, and amply sustains the judgment. The plaintiff claims that the action is one for negligence sounding in tort. The defendant contends that it is an action on

contract, and that, the shipment being from one state to another, was made under a bill of lading within the contemplation of the interstate commerce act.

The Carmack amendment of June 29, 1906 (34 St. at Large, ch. 3591, p. 584) to section 20 of the interstate commerce act of Feb. 4, 1887 (24 St. at Large, ch. 104, p. 379) requires a common carrier shipping property from one state into another to issue a bill of lading therefor, and makes such carrier liable to the holder thereof for any damage or loss to such property caused by it or by any common carrier to which such property may be delivered; and no contract shall exempt such carrier from such liability. Said amendment also enables the initial carrier to recover from any common carrier, on whose line any damage to such property has been sustained, the amount of such damage or loss as such initial carrier may be required to pay to the owner of such property. Said amendment reserves to the holder of such bill of lading any remedy or right of action which he has under existing law.

In *Adams Express Co. v. Croninger,* 226 U. S. 491, it was held that congress by the Carmack amendment intended to adopt a uniform rule as to the liability imposed upon interstate carriers by state regulations of bills of lading, and to relieve such contracts from the diverse regulation to which the various states had made them subject, and that this legislation supersedes all regulations and policies of the state upon the same subject matter. It was also held in the above case that a provision in the bill of lading limiting the liability of the carrier to an amount not exceeding the value of the property stated by the shipper, when made as a consideration for a lower rate, was not in violation of the act and such limitation was enforceable. This we take it is the extent of that decision.

In the case at bar a purported bill of lading was introduced in evidence. The plaintiff contended that it was introduced for the purpose of showing the routing of the car and possession of the bananas in the carrier. None of its provisions appeared in the pleadings, and there is doubt of its genuineness.

In re De Klotz.

Even if we assume that this bill of lading was regularly issued and its terms enforceable as against plaintiff, all these matters under the procedure of this state were affirmative defenses. None of them were pleaded. The petition did not set out the bill of lading and the answer did not refer to any of these defenses. *Railway Officials & Employees Accident Ass'n v. Drummond*, 56 Neb. 235.

"Where a carrier sued for delay in shipment failed to allege in its answer the existence of a special contract limiting its liability, a defense based upon such contract will be treated as waived." *Kansas City, P. & G. R. Co. v. Pace*, 69 Ark. 256. See, also, *Union P. R. Co. v. Thompson*, 75 Neb. 464; *Cook v. Chicago, R. I. & P. R. Co.*, 78 Neb. 64.

We recommend that the judgment be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

                              AFFIRMED.