## GREEN STAR S. S. CO. v. NANYANG BROS. TOBACCO CO., Limited.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1925.)

No. 4319.

**1. Shipping ⬅132(2)—Limitation in contract of time for bringing action for damages must be specially pleaded.**

The defense that an action against a carrier for damage to cargo is barred by a limitation contained in the contract is waived unless specially pleaded.

**2. Shipping ⬅142—Defense of limitation held waived.**

A carrier, by answering to the merits in an action for damage to cargo, without pleading a limitation of time to sue contained in the contract until 22 months later, *held* to have waived such defense.

**3. Shipping ⬅142—Authority of representative to waive limitation in bills of lading.**

In bills of lading issued by a steamship company providing that no action for damages should be maintainable unless commenced within three months after notice of the claim, a further provision, that "no agent or employee" should have authority to waive such limitation, *held* not to apply to a corporation which was the company's general representative in a foreign port, so named in the bills of lading and recognized by it as having authority to receive notice of claims and act therein in its behalf, and the action of such corporation in receiving the claim and in stating to claimant that its settlement must await advice from the company's main office, thus inducing delay until the time limit had expired, *held* a waiver of the limitation.

**4. Shipping ⬅142—Limitation of time for bringing suit for damage to shipment held unreasonably short and invalid.**

A limitation in bills of lading of an American steamship company of three months for bringing suit for damage to cargo *held* unreasonable and invalid as applied to shipments from the United States to China.

In Error to United States Court for China; Charles S. Lobingier, Judge.

Action at law by the Nanyang Bros. Tobacco Company, Limited, against the Green Star Steamship Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Farnham P. Griffiths and McCutcheon, Olney, Mannon & Greene, all of San Francisco, Cal., Davies & Bryan, of Shanghai, China, and William E. Collins, of New York City, for plaintiff in error.

Warren Gregory, Allen L. Chickering, Evan Williams, and Donald Y. Lamont, all of San Francisco, Cal., and Schuhl & Schoenfeld, of Shanghai, China, for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error, as plaintiff, recovered a judgment in the court below against the steamship company for damages to a cargo of tobacco shipped to Shanghai on one of the latter's vessels. The parties will be named herein plaintiff and defendant as in the trial court. There was a stipulation between the parties that unless the action were barred by a limitation clause in the bills of lading the plaintiff should recover from the defendant damages in the agreed amount of $40,000. For that amount the judgment was rendered. The limitation clause so referred to, after providing that the defendant should not be liable for any claim whatsoever unless written notice thereof were given it before the removal of the goods from the wharf, contained the following: "No suit to recover for loss or damage shall in any event be maintainable against the carrier unless instituted within three months after the giving of written notice as above provided. * * * No agent or employee shall have the authority to waive any of the requirements of this clause." On August 16, 1920, and before the removal of the goods from the wharf, the plaintiff gave the defendant written notice that a claim of damages would be filed, and on September 14, 1920, the claim was filed. But the action upon the claim was not begun until May 9, 1921. The only question before the court below was whether the action was barred by the failure of the plaintiff to bring its action within the specified time. The court held that the requirement was waived by the defendant. In reaching that conclusion no finding of fact was made upon conflicting evidence. It was deduced from facts which were not in dispute. Upon the re-examination of the case in this court the same question of law is again presented.

The following are the facts: Struthers & Dixon, Inc., was the agent of the defendant at Shanghai. The plaintiff was a Chinese corporation doing business at Shanghai. On August 9, 1920, on the arrival of the cargo at Shanghai, Struthers & Dixon notified the plaintiff that the goods were in bad condition and denied the defendant's responsibility for the loss. On August 16, 1920, the plaintiff wrote to Struthers & Dixon, concerning the damaged condition of the goods and giving notice that the plaintiff would take delivery of the portions not damaged and "file a claim against you for shortage for whatever hogsheads that arrived in such bad condition that we could not possibly use them." On September 14, 1920, the plaintiff's claim of damages was presented to Struthers & Dixon. An employee of the plaintiff testified that after he had drawn up the claim he delivered it to Struthers & Dixon; that about two weeks thereafter, receiving no reply from the agent, he went again to Struthers & Dixon and was told that the latter could not say what would be done in the matter; that the plaintiff's claim and report and all documents were being sent to the company's offices in San Francisco and New York; that Messrs. Platt, MacLeod, Gregson & Ward were the attorneys for the United States Steamship Owners Protective Association; and that they were writing a report on the case to be sent to New York for consideration. He further testified that Struthers & Dixon promised to give the plaintiff a reply and advised the witness that he had better go to some American lawyer for advice, and that in any case the plaintiff would have to wait for a reply. No reply was ever received. The answer to the complaint alleged that the damage to the tobacco resulted from the plaintiff's negligence and pleaded the terms of the contract whereby it was agreed that in the event of loss or damage the defendant should not be liable for more than $100 per package. The defense which is now relied upon was not pleaded in the answer. It was not until 22 months later that an amended answer was filed, setting up that defense.

[1] It is the settled rule that such a defense, in order to avail the defendant, must be specially pleaded. Otherwise it is waived. 10 C. J. 370; Gilinsky v. Illinois Cent. R. Co., 98 Neb. 858, 154 N. W. 730; Kansas City P. & G. R. Co. v. Pace, 69 Ark. 256, 63 S. W. 62.

[2] It seems to us that the defendant, by filing an answer to the merits and failing to plead the limitation of the time to sue,

waived the limitation, and that the trial court might properly have denied permission to amend by setting up that defense. In a case in which there was failure to give the notice required by the contract, Kaplan v. Metropolitan Express Co. (Sup.) 98 N. Y. S. 228, the court said: "Even if the contract were as claimed by defendant, it is not clear that substantial justice would be promoted by the amendment." As against this view the defendant points to the terms of the stipulation, and contends that thereby the parties submitted the case for decision solely upon the legal effect of the limitation clause and the effect of the testimony tending to show waiver thereof. But we do not think that the inquiry should thus be narrowed, and we incline to the view that the question before us is whether upon the pleadings and the evidence the defendant has waived the requirement that the action be brought within the designated time.

[3] But aside from the question of the waiver by the defendant's answer, we agree with the trial court's conclusion that waiver was shown by the facts. We do not think that Struthers & Dixon, Inc., was of the class of agents or employees contemplated by the limitation clause of the bills of lading when it was provided that they should have no authority to waive any of the requirements of that clause. It was stipulated by the parties to the action that the defendant was represented at Shanghai, China, by its agent, Messrs. Struthers & Dixon, and it was also so provided in the bills of lading. The original answer to the complaint was signed by Struthers & Dixon and was sworn to by the vice president of that company. That corporation, thus having sole charge of the defendant's business at a foreign port, was the alter ego of the defendant, and from and after the arrival of the goods at Shanghai it was the sole representative of the defendant in all the latter's transactions with the plaintiff. In the stipulation between the parties to the action the defendant admits that the acts of Struthers & Dixon were its own acts. Thus it is admitted that the "plaintiff wrote and delivered a letter to the defendant" informing it of the claim of damages, and that the "plaintiff wrote and delivered to the defendant" an itemized claim. The defendant thus identified itself with Struthers & Dixon in all the transactions at Shanghai, and held out Struthers & Dixon as possessing the power to represent it, and justified the

plaintiff in believing that the agent had such authority. If Struthers & Dixon thus had authority in the due course of business to enter into negotiations with the plaintiff concerning the latter's claim, it must follow that it also had authority to forward the claim to the defendant and to inform the plaintiff that it had done so, and to advise the plaintiff that a report on the case was being sent to the defendant for consideration and that the plaintiff would have to wait for a reply.

The law applicable to the case is expressed in Thompson v. Phenix Insurance Co., 136 U. S. 287, 299, 10 S. Ct. 1019, 1023 (34 L. Ed. 408), where it was held that such a stipulation may be waived, that the waiver need not be in writing, but may arise from such course of conduct upon the part of the defendant as will equitably estop it from pleading the prescribed limitation in bar of a suit. Said the court: "It would be contrary to justice for the insurance company to hold out the hope of an amicable adjustment of the loss, and thus delay the action of the insured, and then be permitted to plead this very delay, caused by its course of conduct, as a defense to the action when brought." Among cases in point are Pacific Coast Co. v. Yukon Independent Transp. Co., 155 F. 29, 83 C. C. A. 625; Fellman v. Royal Insurance Co., 184 F. 577, 106 C. C. A. 557; Lynchburg Cotton Mill Co. v. Travelers' Ins. Co., 149 F. 954, 79 C. C. A. 464, 9 L. R. A. (N. S.) 654; De Farconnet v. Western Ins. Co. (D. C.) 110 F. 405; Alten v. McFall (C. C.) 89 F. 463. The defendant cites cases such as Southern Pac. Co. v. Stewart, 248 U. S. 446, 39 S. Ct. 139, 63 L. Ed. 350, and The General G. W. Goethals (C. C. A.) 298 F. 933, in which the courts strictly construed stipulations in bills of lading requiring that notice and demand of damages should be made within a time limited therein. Reasons why such provisions should be strictly construed have been pointed out in many decisions. But no decision holds that after a timely presentation of notice of claim and demand for damages the time limited by contract for bringing suit may not be waived by the carrier.

[4] In addition to the foregoing, we are inclined to the view that the judgment should be affirmed on the ground that the period of three months so limited for the commencement of the action after the giving of written notice was, under the circumstances, such as the great distance be-

tween the point of delivery of the goods and the home offices and the carrier and the length of time required for transmission of communication by mail, an unreasonably short time. We are impressed with the views expressed by the Court of Appeals of New York in South & Central American Commercial Co. v. Panama R. Co., 237 N. Y. 287, 142 N. E. 666. In that case the court, while admitting that the Cummins Amendment of March 4, 1915, to the Interstate Commerce Act (38 Stat. 1196 [Comp. St. §§ 8592, 8604a]), providing that no' shorter period than two· years shall be allowed for the institution of action on claims, is inapplicable to a common carrier by water, whose carriage is unconnected with carriage by land, was of the opinion that its standards are relevant to the inquiry whether public policy will permit the enforcement of a stipulation in a bill of lading issued by such carrier requiring the institution of suit within 60 days after notice of claim, and held that such legislative declaration of the policy of the law should be recognized and obeyed, and that consequently such a requirement of a bill of lading is invalid as affording less than a reasonable time. Said the court: "We do not say that carriers not subject to these acts · must adhere to the standards thus established with literal fidelity. That is obviously unnecessary, since the acts do not touch them ex proprio vigore. We say, however, that there is a duty of approximate or reasonable conformity, a conformity so great as to escape flagrant disavowal of the conception of reasonable opportunity reflected in the will of Congress."

The judgment is affirmed.