ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* WIGGAM.

Opinion delivered March 6, 1911.

1. MASTER AND SERVANT—DEFENSE—WAIVER.—Where the complaint alleged that a firm which employed plaintiff to do certain carpenter work on defendant's railroad was engaged in reballasting such road, and that plaintiff was injured by the negligence of a fellow servant, and defendant, in its answer, did not deny that said firm was working for it, nor set up that the members thereof were independent contractors, it will be held to have waived such defense. (Page 262.)

2. SAME—DUTY TOWARD SERVANT.—Where a railway employee is being transported to or from his place of work on a hand car by fellow servants, the railway company owes him the duty of exercising ordinary care for his protection. (Page 263.)

3. SAME—INJURY TO SERVANT—PROXIMATE CAUSE.—Where a railway employee, being transported from his work upon a hand car, was injured by being thrown from the car, which was started suddenly, without warning to him, just as he was attempting to get on the front end of the car, the sudden starting of the car was the proximate cause of his injuries. (Page 263.)

4. SAME—CONTRIBUTORY NEGLIGENCE.—It was not negligence as matter of law for an employee to ride upon the front end of a hand car, when the employees of the railway company usually rode there, and a reasonably prudent man might believe that he could ride there with safety. (Page 263.)

5. Same—contributory negligence—defense.—An instruction to the effect that contributory negligence is a matter of defense, and that the burden is on the defendant to show it, is not objectionable as implying that defendant must prove such defense, even though it is established by the plaintiff's evidence. (Page 264.)

6. Appeal and error—harmless error.—The court modified an instruction to the effect that if plaintiff was himself negligent he could not recover, by adding: "without negligence on the part of defendant's other employees." Another instruction correctly stated the doctrine of contributory negligence. *Held,* that, while the modification was erroneous and rendered the instruction meaningless, it was not prejudicial. (Page 264.)

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

### STATEMENT BY THE COURT.

C. F. Wiggam brought this suit against the St. Louis, Iron Mountain & Southern Railway Company to recover damages for injuries alleged to have been sustained on account of the negligence of the railway company's employees.

The plaintiff, Wiggam, testified that Hodges, Downey & Company were getting out gravel for the St. Louis, Iron Mountain & Southern Railway Company from the Ouachita River, and were putting it on the main line of the railroad. The gravel pit was something like six miles from Malvern, Ark., where plaintiff resided. It was about three miles from the main line of the railroad. The railroad came from the main line to the gravel pit, and there is one end of the "Y" there that leads north, and one that leads south. Plaintiff was employed by one LaDuke, representative of Hodges, Downey & Company, to do carpenter work for them at the gravel pit. Plaintiff and one Holt, who hired at the same time, asked LaDuke how they would get to and from Malvern to their work. He told them that they would go and come on the Iron Mountain train. He also told them that when the train stopped they would go and come on the hand cars with the Iron Mountain employees. Plaintiff came and went to and from the gravel pit with the other Iron Mountain employees after they quit using the train.

J. V. Miller was one of the railway company's foremen, and Lon Baker was bridge foreman. J. G. Slibeck was resident engineer and head foreman. They all rode to and from the work

on the hand cars. Miller usually rode on the front one. Just as they were starting home from work one afternoon, plaintiff was injured while attempting to get on one of the hand cars. He described the occurrence as follows:

"That he, Wiggam, was the only white man on this car, and the negroes operating same, seeing that they could not get out to the main line on the north leg of the 'Y,' and being in a big rush to get ahead of the other cars, decided to go to the south leg of the 'Y,' and they jerked the car up with Wiggam on it, and he got off and walked across to the south leg of the 'Y,' and as soon as they set it down on the track he walked up by the side of the car to sit down on the front end and threw one leg over the rail, and as he started to bring the other leg over some one gave the car a shove and knocked his feet out from under him and caused him to fall back under the handle bars and get struck on his neck and crushed down."

· Plaintiff said that he had nothing to do with the race to get ahead of the other cars.

Lon Baker testified that Slibeck, the engineer in charge of the construction of the spur track to the gravel pit, told him to let the employees of Hodges, Downey & Company ride to and from their work at the gravel pit on the hand cars he was using. Miller testified that he did not remember Slibeck saying anything to him about Hodges, Downey & Company's employees going to and from the gravel pit with his crews and on his cars; but that they did so.

The plaintiff also adduced evidence tending to show the character and extent of his injuries. ·

J. G. Slibeck for the defendant testified that he did not authorize or instruct Miller or any other of the foremen to let Hodges, Downey & Company's employees ride to and from their work on the hand cars.

Defendant also adduced evidence tending to show that plaintiff was guilty of contributory negligence. The jury returned a verdict for plaintiff, and from the judgment rendered the defendant has duly prosecuted an appeal to this court. Other evidence will be referred to in the opinion.

*W. E. Hemingway, E. B. Kinsworthy, Bridges, Wooldridge & Gantt*, and *James H. Stevenson*, for appellant.

The verdict is not sustained by the evidence. 2 Hutch. Carr. § 1000; 40 Ore. 225; 66 Pac. 909; 120 N. C. 508; 26 S. E. 284; 3 Hutch. Carr. § 1205; 3 Thomp. Neg. § 2672. When contributory negligence is shown by the testimony of plaintiff, defendant need not prove it. 72 Ark. 572.

*Jabez M. Smith,* for appellee.

Any defense not pleaded will be treated as waived. 69 Ark. 256; 88 Ark. 153; 76 Ark. 424; 71 Ark. 484; 70 Ark. 505. Appellant is liable for failure to exercise reasonable care. 46 L. R. A. 38; 46 *Id.* 107; 90 Ark. 64; 77 Ark. 561; 57 Ark. 136. It is the duty of a party to a suit to request instructions desired. 67 Ark. 417; 75 Ark. 76.

HART, J., (after stating the facts). It is earnestly insisted by counsel for the defendant that the verdict is not sustained by the evidence. They contend that, under the most favorable deductions to be drawn from the evidence, the plaintiff rode back and forth from his work as a mere licensee, without payment of fare and without any contractual relations of any kind with the defendant. On the other hand, counsel for plaintiff insists with equal force that the complaint alleged, and that there is sufficient evidence from which the jury might have inferred, that Hodges, Downey & Company were working for the defendant railway company; and that if it wished to avail itself of the defense that Hodges, Downey & Company were independent contractors it should have pleaded it as a defense. In support of his contention, he cites the case of *Kansas City, P. & G. Rd. Co.* v. *Pace,* 69 Ark. 256. We are of the opinion that the contention of counsel for the plaintiff is correct. The plaintiff alleged in his complaint that Hodges, Downey & Company were engaged in the work of reballasting the St. Louis, Iron Mountain & Southern Railway with gravel, and testified that Hodges, Downey & Company were getting out gravel from the Ouachita River for the Iron Mountain Railroad, and that he was working for them when he sustained the injury complained of. Lon Baker, defendant's bridge foreman, testified that Hodges, Downey & Company were putting gravel on the main line of the Iron Mountain Railroad for it.

The defendant in its answer did not deny that Hodges,

Downey & Company were working for it, and did not set up as a defense that they were independent contractors.

In the case of *Kansas City, P. & G. Rd. Co.* v. *Pace, supra,* the court held that "if a defendant fails to plead any defense it may have the same will be treated as abandoned or waived." See also *Missouri & North Ark. Rd. Co.* v. *Pullen,* 90 Ark. 182. In 31 Cyc. 128, it is said: "All defenses not made in the plead-ings are considered waived, especially such as are connected with the facts alleged."

Hence we hold that it is too late now to set up that Hodges, Downey & Company are independent contractors, but that, under the pleadings and proof, Hodges, Downey & Company were working for the defendant railway company, and that their em-ployees were the servants of the railway company. This being true, the law of the case is as follows:

"Although an employee being transported on a train to his place of work is not a passenger within the common meaning of the term, the railway company owes him the duty of exercising ordinary care for his protection, and he is bound to exercise such care for his own safety as a person of ordinary prudence would exercise under like circumstances." *St. Louis, I. M. & S. Ry. Co.* v. *Harmon,* 85 Ark. 503.

Under the facts and circumstances of this case as presented by the record, the negligence of the defendant and the contribu-tory negligence of the plaintiff were jury questions. From the version of the occurrence given by the plaintiff, the abrupt and sudden starting of the hand car, without warning to him, just as he was attempting to get on the front end of it, was the cause of his receiving the injury. If true, it was such a consequence as would likely result from the acts complained of. *Doss* v. *Mis-souri, K. & T. Rd. Co.,* 116 S. W. (Mo. Ct. of Appeals)*, 458.

Nor can it be said, as a matter of law, that plaintiff was guilty of contributory negligence in attempting to ride upon the front end of the hand car. It was a place where the employees of the defendant usually rode, and a reasonably prudent man might believe that he could ride there with perfect safety. *El Dorado & B. Rd. Co.* v. *Whatley,* 88 Ark. 20; *Doss* v. *Missouri, K. & T. Rd. Co., supra.*

2. Counsel for defendant next complain that the court

erred in telling the jury that contributory negligence is a matter of defense, and that the burden of showing it is upon the defendant. They contend that, while the burden of proving contributory negligence is upon the defendant, it is sufficient if it is shown by the evidence on the part of the plaintiff. Their construction of the law is correct, yet it does not follow that the instruction was prejudicial. The point was ruled against their contention in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Sparks,* 81 Ark. 187. Mr. Justice Riddick, speaking for the court, said: "But it is evident, when the whole charge is considered, that the court did not intend by this instruction to convey the idea that the defendant must introduce evidence to show contributory negligence, even though it was shown by the evidence of the plaintiff." So in this case the defendant pleaded contributory negligence as a defense; and introduced evidence to establish it. When the instructions are read together, it is evident that the court meant that the jury, in determining the question of contributory negligence, should consider all the evidence in the case—that of the plaintiff as well as that introduced by the defendant.

3. Counsel for defendant also insist that the court erred in instructing the jury on the question of damages for permanent injury. They contend that there is no evidence that the injury is permanent. We think the jury might have inferred from the plaintiff's own testimony that his injury was permanent. While we think the weight of the testimony was contrary to this view, yet the jury differed with us, and their verdict is binding upon us.

4. Counsel for defendant also assign as error the action of the court in giving the following instruction as modified: "5. If you believe from the evidence that the plaintiff assisted in starting the hand car, and then undertook to get on the front end of the same, and in doing so was struck by the handle bar and injured, without negligence on the part of defendant's other employees, you are instructed that he could not recover from the defendant for such injury, and your verdict should be for the defendant." The modification consisted in inserting the words: "without negligence on the part of defendant's other employees." It is insisted by counsel for defendant that the instruction as

modified involves a contradiction of ideas. If the plaintiff was himself guilty of contributory negligence, he of course was not entitled to recover, regardless of the defendant's negligence. The modification rendered the instruction meaningless.

It will be noted, however, that the court gave the following instruction at the request of the defendant:

"6.   If you believe from the evidence that plaintiff undertook to get on the hand car while it was in motion or just as it was being started forward, and that a person of ordinary prudence would not have done as he did under the circumstances, or if you believe from the evidence that plaintiff did not exercise ordinary care for his own safety, then you are instructed that he was guilty of contributory negligence, which precludes a recovery by him in this action, and your verdict should be for the defendant."

This instruction was in all essential respects like the instruction modified as it was asked by the defendant. In this respect there is a difference between this case and that of the *Ohio Handle & Manufacturing Co.* v. *Jones, ante* p. 17. In that case the court by modification rendered an instruction meaningless. We reversed the judgment because it was the only instruction asked by the defendant which presented its version of the case to the jury in a concrete form. Here the theory of the defendant as to the manner of plaintiff's receiving the injury was fully presented by instruction No. 6, *supra,* and we hold that, while the court should not have added the words quoted above, the modification did not render the instruction inherently bad or contradictory to the other instructions, but only made it meaningless; and that because the matters embodied in it were fully presented in instruction No. 6 no prejudice resulted to the defendant from the modification.

Other assignments of error are pressed upon us, but we think they are disposed of by the principles of law above announced.

After a careful examination of the record, we are of the opinion that the case was fairly tried upon the whole, and that no prejudicial errors appear in the record.

The judgment is therefore affirmed.