WISCONSIN & ARKANSAS LUMBER COMPANY *v.* SMITH.

Opinion delivered December 12, 1921.

1. MASTER AND SERVANT—PERSONAL INJURY—NEGLIGENCE OF FELLOW
   SERVANT.—Evidence tending to prove that the plaintiff, an 'employee of defendant, was riding on a railway motor car which
   was tied to another car following it, and was thrown off and injured at a time when the front car was being propelled by defendant's servants at an excessive rate of speed which caused the
   rear car to bump into the front car and push it off the track,
   *held,* to justify a finding of negligence on defendant's part.

2. APPEAL AND ERROR—HARMLESS ERROR.—An instruction broad
   enough to permit the jury to find for plaintiff upon proof of
   negligence not alleged in the complaint was not prejudicial where
   it affirmatively appears from the evidence and the other instructions in the case that the jury could not have been misled.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

STATEMENT OF FACTS.

Ernest Smith sued the Wisconsin & Arkansas Lumber Company to recover damages for being negligently injured by said company while in its employment.

In October, 1920, Ernest Smith was working for the Wisconsin & Arkansas Lumber Company as a section hand for $3.50 per day. At the time he was injured he was engaged in the work of surfacing the log road of the company, and there were about ten members of the section crew. They went to and from their work in two motor cars. They started home in the two cars. The rear car got so it would not run under its own power, and it was fastened to the front car with some telephone wire so that the space between the front and rear car was something like twelve or fifteen inches. After they had been coupled together they were run for a half of a mile and came to a steep down grade. The section foreman was in charge of the cars and was running them at a speed of about twenty or twenty-five miles per hour. As they approached a road crossing the front car jumped the track, and the plaintiff was thrown off,

and the rear car passed over his leg, breaking it. The front car was being run backwards at the time the wreck occurred.

Smith was sitting in the rear part of the car looking forward when it left the track. According to his testimony, fast running and the rear car being coupled on the front car caused the front car to leave the track. The rear car pushed against the front car and caused it to jump the track. Smith was looking straight ahead at the time the accident occurred and did not see any rock on the track.

Burl Young, another section hand, was on the car with Smith when the accident occurred. He corroborated the testimony of Smith in the main. He said that the front car went off to the left and Smith was thrown from it, and the wheels of the rear car passed over his body, breaking his leg. According to his testimony, the space between the rear and front car was twelve or fifteen inches. The rear car left the track after the front car had jumped it. It was raining, and the cars were running at a rate of speed between twenty-five and thirty miles an hour. The section foreman was running the front car.

Witnesses for the plaintiff testified that they had never seen the two cars tied together before and had never seen them run at such a high rate of speed, although they had been in the employment of the company from five to fifteen years.

The motor cars weighed 900 lbs. each, and no attempt was made to slacken their speed when they started down the steep grade to the crossing.

On the part of the defendant it was shown that the front motor car hit a rock which had in some unknown way got on the track, and that this caused the wreck which injured the plaintiff. It was also shown by the defendant that the cars were not running at a rate of speed greater than six or eight miles per hour.

The jury returned a verdict for the plaintiff, and from the judgment rendered the defendant has appealed.

*H. Berger* and *Mehaffy, Donham & Mehaffy,* for appellant.

Instruction No. 1 as given assumed that the defendant was negligent (a controverted fact) and was an invasion of the province of the jury. 14 Ark. 286; 93 Ark. 29; 14 R. C. L., p. 738.

Instruction No. 3 was erroneous in submitting to the jury the question of whether appellant was negligent in coupling the two cars together, and so operating them, and also in submitting to the jury whether or not the speed at which the cars were being run was negligent. The evidence adduced did not justify the submission of such issues, and to do so was prejudicial error. *American Bauxite Co.* v. *Tudor,* 148 Ark. 500.

Instruction No. 6 was general and not confined to the issues raised by the pleadings.

Instruction No. 8 in addition to being erroneous was in conflict with other instructions given, and constituted prejudicial error. 138 Ark. 563 and cases cited.

There is no evidence that shows or tends to show that appellant was guilty of any act of negligence resulting in injury to appellee, and appellant's requested instructions Nos. 1, 2 and 3 should have been given.

*D. D. Glover,* for appellee.

The instructions given were correct and supported by the evidence. The issues raised and covered by the instructions were questions for the jury. 103 Ark. 231; 101 Ark. 564.

HART, J., (after stating the facts). It is first earnestly insisted by counsel for the defendant that the evidence is not legally sufficient to support the verdict.

We do not agree with counsel in this contention. According to the evidence adduced in favor of the plain-

tiff, the two cars weighed 900 lbs. each, and it was an unusual thing to run them coupled together. It was also unusual to run them at such a high rate of speed as from twenty to thirty miles an hour.

It is fairly inferable from the testimony of the plaintiff that the wreck was caused by the rear car bumping into the front car and pushing it so that it jumped and left the track.

It is true, as contended by counsel for the defendant, that it was not negligence in itself to couple the two cars together for the purpose of bringing them to the station; but the jury might have inferred negligence from the attendant circumstances. The defendant's foreman knew the weight of the cars, and still he fastened them together with a telephone wire. He might have anticipated that the rear car would bump into the front car and push it from the track, and especially so if he ran the cars at a rapid and unusual rate of speed.

According to the plaintiff's testimony the cars were being run at a rate of twenty to twenty-five miles an hour, and another witness said they were run at the rate of twenty-five to thirty miles an hour.

The plaintiff and other witnesses for him testified that they were riding on the front car and looking ahead. They did not see any rock on the track. The jury might have legally inferred from their testimony that the rock was not there and that the wreck was caused by the rear car bumping into the front one and pushing it from the track. This would constitute such negligence as would warrant the jury in finding a verdict for the plaintiff.

It is next insisted that the court erred in giving instruction No. 1 at the request of the plaintiff. A specific objection was made to the instruction because it assumes that the defendant was negligent. The instruction is not open to the vice complained of. We do not deem it necessary to set out the instruction, as

it in plain terms predicates the right of the plaintiff to recover upon a finding of negligence, as alleged in the complaint, by the jury.

After telling the jury that it must find from the evidence that the plaintiff was injured while in the exercise of ordinary care for his own protection, and that he had not assumed the risk, the instruction continues: "and you find from the evidence that he was injured on account of the negligence of the defendant company, its agents, servants, or employees as alleged in his complaint," etc.

Instruction No. 2 defines negligence to the jury.

It is also insisted that the court erred in giving instruction No. 3, which is as follows:

"You are instructed that if you find from the evidence in this case that the plaintiff was in the employ of the defendant company and that he was in the discharge of his duty to the company, and you find from the evidence that at the time he was injured he was in the exercise of ordinary care for his own protection and that he had not assumed the risk, and you find from the evidence that he was injured as alleged in his complaint, on account of the negligence of the defendant company, its agents, servants or employees, by negligently coupling the two motor cars together, or negligently operating them after being coupled together, and that such negligence, if you find by a preponderance of the evidence that said acts were negligence, and that the same was the proximate cause of the injury, it will be your duty to find for the plaintiff."

It is insisted that this instruction is erroneous in submitting to the jury the negligence of the defendant in coupling the two motor cars together and its negligence in operating them after being coupled together.

We do not agree with counsel in this contention. It is true it was necessary to bring the defective motor car back to the station, but the jury might have found that there was negligence under the attendant circum-

stances. The two cars weighed 900 lbs. each, and were fastened together with a telephone wire with nothing to keep them from bumping into each other. It was raining, and all the employees were carried along on the cars. There was a steep grade for them to go down before reaching the stopping place. The jury might have found that the rear car bumped into the front one and pushed it off the track, and that there was negligence in tying them together with the telephone wire and bringing them in, without anything to hold them apart, under the conditions stated, with the section crew on them.

Again, from the testimony of one of the witnesses, it is inferable that the high rate of speed at which the cars were being propelled caused the front one to jump from the track and thereby throw the plaintiff off and severely injured him.

In another instruction the court told the jury that before the plaintiff could recover it must not only find from the evidence that the car was being operated at a negligent rate of speed, but that the plaintiff must show that this caused the car to leave the track.

The court also told the jury that, even though it should believe that coupling the cars together was a negligent act, before the plaintiff could recover on this account, the burden was on him to show that this caused the car to wreck. In each of these last two instructions, the court specifically told the jury that, if the plaintiff failed to maintain the burden of proof in this respect, the verdict of the jury must be for the defendant on this allegation of negligence.

Again it is insisted that the court erred in giving instruction No. 6, which is as follows:

"You are instructed that the defendant company owed the plaintiff the duty of exercising ordinary care for his protection while in their employ and in the discharge of his duty; and if you find from the evidence that the defendant company, its agents, servants or

employees negligently failed to exercise that degree of care and you find that this failure in this respect caused the plaintiff's injury, then you are told and instructed to find for the plaintiff.''

It is claimed that this instruction is erroneous because it submits to the jury other grounds of negligence than those named in the complaint. While the instruction is erroneous in this respect, it does not constitute prejudicial error calling for a reversal of the judgment.

As we have already seen, instruction No. 1 predicates the right of the plaintiff to recover upon proof of the allegations of negligence contained in his complaint. No other grounds of negligence were relied on by the plaintiff. His proof was directed solely to these two allegations of negligence.

The defense of the company was that the wreck was caused by a rock which had by some means been placed on the track. In the exercise of common sense the jury could not have been misled in the matter. At the request of the defendant the jury was specifically told that if it believed from the evidence that the car was caused to leave the track by a rock wedged between the crossing plank and the rail of the track, the plaintiff could not recover, and its verdict must be for the defendant.

Thus it will be seen that the record affirmatively shows that no prejudice could have resulted to the defendant from the instruction complained of.

It is well settled in this State that a judgment will not be reversed for an erroneous instruction not prejudicial to the party seeking a reversal. *McArthur* v. *State,* 59 Ark. 431; *Green* v. *St. L. I. M. & S. Ry. Co.,* 99 Ark. 226; *St. L. I. M. & S. Ry. Co.* v. *Wiggam,* 98 Ark. 259; *St. L. I. M. & S. Ry. Co.* v. *Carter,* 93 Ark. 589, and *St. L. I. M. & S. Ry. Co.* v. *Dowgiallo,* 82 Ark. 289.

We find no reversible error in the record, and the judgment will be affirmed.